IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WAYNE ALAN WATSON,                    §
TDCJ #414565,                          §
        Plaintiff,                  §
                                       §
v.                                     §          CIVIL ACTION NO. H-06-3260
                                       §
NATHANIEL QUARTERMAN, *et al.*,        §
        Defendants.                 §

## ORDER

State inmate Wayne Alan Watson (TDCJ #414565) has filed a civil rights complaint under 42 U.S.C. § 1983, which takes issue with the conditions of confinement at the Goree Unit where he resides. Pending before the Court is a motion filed on Watson's behalf by another inmate, identified as Freddy Wayne Hurley (TDCJ #453088), which seeks a preliminary injunction. (Doc. # 9). For reasons that follow, the motion is denied.

A temporary restraining order or preliminary injunction "is typically granted during the pendency of a lawsuit to prevent irreparable injury that may result before a final decision on the merits." *Shanks v. City of Dallas, Tex.*, 752 F.2d 1092, 1096 (5th Cir. 1985). Hurley does not demonstrate that he has satisfied any of the procedural requirements for preliminary injunctive relief found in Rule 65 of the Federal Rules of Civil Procedure. More importantly, he does not meet the substantive requirements for a preliminary injunctions.

"To obtain a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that his threatened injury outweighs the

threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest." *Planned Parenthood of Houston & Southeast Texas v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005). Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy.[1]  *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985). Emphasizing its extraordinary character, the Fifth Circuit has cautioned that a preliminary injunction "should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *PCI Transportation Inc. v. Fort Worth & Western Railroad Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (citations omitted).

In this instance, Hurley complains that prison officials have assigned him to a different cell that is no longer adjacent to the plaintiff in this case, Wayne Alan Watson, and that this change was done for "malicious" reasons. Hurley explains that he is now housed next door to a "mentally dangerous" inmate, identified as "Offender Parker," which constitutes an "implied threat" by prison officials in retaliation for filing this lawsuit. Hurley seeks a preliminary injunction ordering officials to remove Offender Parker from the cell block, to return Hurley to cell A1-N-21, and to return Watson to cell A1-N-18.

---

[1]     In addition, this case is governed by the Prison Litigation Reform Act (the "PLRA"). To the extent that the motion concerns prison conditions, the PLRA prohibits an order approving a preliminary injunction unless the court first finds that such relief is:  (1) narrowly drawn; (2) extends no further than necessary to correct the harm that requires preliminary relief; and (3) is the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). The movant makes no effort to meet his burden to show that injunctive relief is appropriate under the PLRA.

Alternatively, Hurley asks this Court to order prison officials to transfer him to the Powledge Unit.

After careful consideration of the pleadings and the motion, the Court concludes that Hurley has not clearly carried his burden of persuasion on the first element required for preliminary injunctive relief because difficult questions of law and fact create sufficient doubt regarding the probability of his success on the merits.   In that respect, although Hurley alleges that the change in cell assignments was done in retaliation for this lawsuit, Hurley is not a party to this case.   Further, because Hurley's connection to this lawsuit is not established, the Court is not persuaded that irreparable harm will ensue if an injunction is not granted.

Accordingly, because Hurley has failed to demonstrate that he is entitled to a preliminary injunction, it is **ORDERED** that the motion for preliminary injunctive relief (Doc. # 9) is **DENIED**.

Hurley's motion raises another issue.   It appears from that pleading that Hurley wishes to intervene or join Watson in this case.   Hurley may not pursue civil rights claims *in forma pauperis* because he is barred by 28 U.S.C. § 1915(g).   A national prisoner litigation index reflects that, while in TDCJ custody, Hurley has participated in more than twenty cases in the district courts, including federal habeas corpus actions, either as the primary litigant or as an "interested party."   Of these, more than three civil rights actions and appeals filed by Hurley have been dismissed as frivolous: *Hurley v. Polunsky*, Civil Action No. 6:99-604

3

(E.D. Tex. March 15, 2000); *Hurley v. Polunsky*, Appeal No. 00-40404 (5th Cir. Sept. 28, 2000); *Hurley v. Johnson, et al.,* Civil Action No. 6:01-0476 (E.D. Tex. April 24, 2002); *Hurley v. Buentello, et al.*, Appeal No. 02-40730 (5th Cir. March 20, 2003); *Hurley v. TDCJ-ID, et al.*, Civil Action No. 6:03-323 (E.D. Tex. Nov. 17, 2003); *Hurley v. Blevins*, Civil Action No. 6:04-0368 (E.D. Tex. May 10, 2005). Included among those frivolous dismissals is more than one case which makes allegations similar to those brought by Watson in this case. *See Hurley v. Johnson, et al.,* Civil Action No. 6:01-0476 (E.D. Tex. April 24, 2002); *Hurley v. TDCJ-ID, et al.*, Civil Action No. 6:03-0323 (E.D. Tex. Nov. 17, 2003).

Under 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). The pleadings in this case do not show that Hurley is under imminent danger of serious physical injury. Thus, to the extent that Hurley seeks leave to intervene, or permission to pursue a separate civil rights action, he may not do so without paying the filing fee in full.

In addition, the Court notes that Hurley has submitted a brief in support of Watson's claims. (Doc. # 8). Rule 11 of the Federal Rules of Civil Procedure provides that all pleadings must be signed by a party. *See* FED. R. CIV. P. 11(a). There is no indication that Hurley is an attorney, and he has no authority under the law to represent the interests of other inmates. *See Harris v. Apfel*, 209 F.3d 413, 415 (5th Cir. 2000). A "jailhouse lawyer" or

un-licensed "counselor" may not sign pleadings for another inmate.  *See Valient-Bey v. Morris*, 620 F. Supp. 903, 904 (E.D. Mo. 1985).

Because Hurley is not a party to this lawsuit or authorized to file pleadings on behalf of the plaintiff, it is **ORDERED** that the brief filed by him on Watson's behalf (Doc. #8) is **STRICKEN** from the record.

Watson is **WARNED** that any future pleadings filed on his behalf by another inmate will be stricken from the record, or may result in sanctions, including monetary penalties or the dismissal of his cause of action for failure to comply with court orders.

Watson is further **WARNED** that he already has two strikes for filing frivolous lawsuits while in prison.  *See Watson v. Turgeon, et al.*, Civil Action No. 9:88-0119 (E.D. Tex. May 23, 1991); *Watson v. Rawlinson, et al.*, Civil Action No. 9:89-0148 (E.D. Tex. Jan. 8, 1991).  Other claims filed by Watson have been dismissed in part as frivolous.  *See Watson v. Lynaugh, et al.*, Civil Action No. 9:88-0103 (E.D. Tex. June 23, 1989) (dismissing claims against Director Lynaugh as frivolous, but retaining other claims for further review). If Watson is litigating this case at the urging of Hurley, who has numerous strikes against him for filing frivolous lawsuits and is barred from proceeding *in forma pauperis* as a result, he must be aware that a third strike may result in similar sanctions against him under 28 U.S.C. § 1915(g). If Watson wishes to withdraw the complaint in this case, he must notify the Court in writing, by letter or motion, indicating that he does not wish to prosecute this civil action.  That notice must be received as soon as possible, but in not later than thirty

days from the date of this order.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>March 1st</u>, 2007.

Nancy F. Atlas
United States District Judge