IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WAYNE ALAN WATSON, § | | |
| TDCJ #414565, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-06-3260 |
| § | | |
| NATHANIEL QUARTERMAN, *et al.*, § | | |
| Defendants. § | | |

## ORDER

State inmate Wayne Alan Watson (TDCJ #414565) has filed a civil rights complaint under 42 U.S.C. § 1983, which takes issue with the conditions of confinement at the Goree Unit where he resides. Pending before the Court are two motions by Watson for a default judgment and for appointment of counsel. (Docs. # 16, # 18). Both motions are denied for reasons set forth briefly below.

Watson has filed a motion for a default judgment, complaining that the defendants' answer is late. (Doc. # 16). Courts in this circuit follow a policy that favors resolving cases on the merits and against the use of default judgments. *See, e.g., Lindsey v. Prive Corp.*, 161 F.3d 886, 892-93 (5th Cir. 1998); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Thus, it is well established that "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In this case, the Court requested an answer from certain defendants on April 3, 2007.

The record reflects that the defendants received this order, which was sent by certified mail, on April 9, 2007. The defendants' answer was timely filed on Monday, May 21, 2007, within the time allowed by law. (Doc. # 15). Thus, there has been no default and Watson is not entitled to a judgment in his favor for this reason.

Watson has also filed a motion for appointment of counsel. (Doc. # 18). A civil rights plaintiff has no automatic right to the appointment of counsel. *See Hulsey v. State of Texas*, 929 F.2d 168, 172-73 (5th Cir. 1991) (citing *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). The appointment of counsel is not required unless a case presents exceptional circumstances. *See Hulsey*, 929 F.2d at 173 (citing *Ulmer*, 691 F.2d at 212-13).

Watson's extensive pleadings are neatly typed, articulate, and supported by coherent factual allegations as well as numerous exhibits. Watson appears fully capable of representing himself at this stage of the proceedings. Although Watson complains that he lacks access to the law library because of his incarceration, he has not articulated facts showing that exceptional circumstances warrant the appointment of counsel. If appropriate, the Court will reconsider whether counsel is necessary at a later time on its own motion.

Accordingly, based on the foregoing, it is **ORDERED** that Watson's motion for default judgment (Doc. # 16) and Watson's motion for appointment of counsel (Doc. # 18) are **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>June 4</u>, 2007.

_____
Nancy F. Atlas
United States District Judge